FILED
May 11, 2022
07:09 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| CECILIA HOPSON, | ) | Docket No. 2021-08-0074 |
| **Employee,** | ) | |
| v. | ) | |
| TRAVELERS PROPERTY CAS. | ) | |
| CORP., | ) | State File No. 76850-2014 |
| **Employer,** | ) | |
| And | ) | |
| NEW HAMPSHIRE INS. CO., | ) | |
| **Carrier.** | ) | **Judge Deana Seymour** |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court heard Travelers' Motion for Summary Judgment on May 9, 2022. Travelers contends Ms. Hopson filed her Petition for Benefit Determination outside the one-year statute of limitations. For the reasons below, the Court grants the motion.

### Facts

Ms. Hopson claimed injuries after an automobile accident at work on September 24, 2014. After reporting the accident, she received authorized treatment for headaches and neck and back pain from multiple physicians.

These physicians treated Ms. Hopson conservatively and placed her at maximum medical improvement from an orthopedic, neurologic, and neurosurgical standpoint. Dr. Bola Adamolekun, one of Ms. Hopson's neurologists, noted that he could not relate her symptoms to her work accident.

After her release from Dr. Adamolekun on December 6, 2018, Ms. Hopson requested additional medical treatment. However, Travelers denied the request based on Dr. Adamolekun's causation opinion. The last payment on the claim was made on December 21, 2018, and a Notice of Controversy was issued in February 2019. Ms. Hopson did not file a Petition for Benefit Determination until January 20, 2021.

1

## Travelers' Motion

Travelers filed a Motion for Summary Judgment, along with a statement of undisputed material facts. The Court summarizes the material facts as follows:

- Ms. Hopson seeks benefits arising out of an incident at work on September 24, 2014;
- Travelers' last payment on the claim was made on December 21, 2018; and
- Ms. Hopson filed her petition on January 20, 2021.

Travelers contends it is entitled to summary judgment because Ms. Hopson waited more than one year after Travelers' last payment before filing her petition, thus falling outside the one-year statute of limitations in Tennessee Code Annotated section 50-6-203(b)(2) (2014).

Although Ms. Hopson filed medical records, medical bills, and emails related to her claim, she did not respond to the motion as required by Tennessee Rule of Civil Procedure 56.03.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Travelers must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Hopson's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Travelers is successful in meeting this burden, Ms. Hopson must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Id.* at 265.

Since Ms. Hopson did not respond to Travelers' statement of undisputed facts, the Court finds the motion and the facts undisputed. The issue then is whether summary judgment is "appropriate" under Rule 56.06.

Under Tennessee Code Annotated section 50-6-203, an employee's right to recover compensation is forever barred unless the employee files a petition within one year after the accident resulting in injury. The statute of limitations can be extended by payments made on the claim. *See* Tenn. Code Ann. § 50-6-203(b)(2). According to Tennessee Code Annotated section 50-6-203(c), "the issuing date of the last payment of compensation by the employer, not the date of its receipt, shall constitute the time the employer ceased making payments."

In a similar case, the Appeals Board affirmed the trial court's order for summary judgment where the employee filed her Petition for Benefit Determination more than one year following the last voluntary payment on the claim. *Hancock v. Vanderbilt Univ. Med. Ctr.*, 2022 TN Wrk. Comp. App. Bd. LEXIS 1, at *7-8 (Jan. 5, 2022). The Board concluded that the employer negated an essential element of the employee's claim and demonstrated that the employee's evidence was insufficient to establish an essential element of her claim. *Id*.

Here, the undisputed facts conclusively show that a petition was not filed until January 20, 2021, which was more than one year from Travelers' last payment on December 21, 2018. Thus, Travelers met its burden of negating an essential element of the claim – filing within a year of the last paid benefit.

The burden shifts to Ms. Hopson to show that the record contains specific facts upon which the Court could find a factual dispute on that issue. Since Ms. Hopson did not provide these facts, the Court holds that Travelers is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Traveler's Motion for Summary Judgment is granted, and Ms. Hopson's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Travelers under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022), payable to the Clerk within five days of this order becoming final.

4. Travelers shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED May 11, 2022.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 11, 2022.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Cecilia Hopson, Employee | X | X | X | 9432 Mary Tucker Cove Memphis, TN 38133 chopson21@comcast.net |
| Emily Faulkner, Employer's Attorney | | | X | emily.faulkner@mgclaw.com |

_____
Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*